**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Larry COHRAN, Defendant–Appellant.**

**No. 86–8142.**

United States Court of Appeals, Eleventh Circuit.

March 11, 1988.

Larry Cohran, Atlanta, Ga., pro se.

Clayton H. Farnham, Atlanta, Ga., for plaintiff-appellee.

Before HATCHETT and CLARK, Circuit Judges, and LYNNE*, Senior District Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE 6, SEC. 6, PARA. 4 OF THE GEORGIA CONSTITUTION

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Georgia law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Georgia or any other Georgia appellate court. We, therefore, certify the question for resolution by the highest court of Georgia.

It comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Georgia, Atlanta, Division.

The following facts are taken from the district court's Memorandum Opinion and Order.

Prior to 1980, appellant Cohran carried a homeowner's insurance policy with appellee Liberty Mutual, insuring his home for a base amount of $75,000. Cohran's policy was due to expire on July 23, 1980. In March, 1980, Liberty Mutual solicited Cohran to update his policy. Liberty Mutual's solicitation involved sending Cohran a form with the words "effective date 07/23/80" clearly printed at the top. Cohran completed and returned the form, requesting coverage on his home to the extent of $125,-000. In response, Liberty Mutual sent Cohran a renewal policy which Cohran received on June 5, 1980. The renewal policy stated that the effective date was July 23, 1980. Cohran sent a check, dated June 10, 1980, in payment of the premium on his new policy. On the face of the check, Cohran indicated that he desired an effective date of June 10, 1980. Enclosed with this check was a letter which requested an effective date of June 10, 1980. On June 15, 1980, fire destroyed Cohran's dwelling.

Cohran reported the loss and on February 14, 1981, a Liberty Mutual adjuster tendered to Cohran two checks totaling $113,150. Cohran refused the tender. On March 23, 1981, Liberty Mutual filed a complaint seeking a declaratory judgment as to the amount owed.

Liberty Mutual concedes that the original policy, expiring July 23, 1980, was in effect on the date of the loss. Liberty Mutual argues that the second policy was not in effect because the parties failed to agree on the effective date, an essential term to the contract. Liberty Mutual argues that the failure to agree on the effective date of the policy voided the renewal contract. Alternatively, Liberty Mutual contends that if a contract was found, its effective date was July 23, 1980. Cohran, on the other hand, argues that the effective date of the policy should be June 10, 1980. Cohran contends that his notation on the face of the check and the letter noting his desire that the policy be effective June 10, 1980, constituted a counter offer. According to Cohran, Liberty Mutual's mailing of the policy, silence, and retention of his premium constituted acceptance of his counter offer, imposing an effective date of June 10, 1980.

The district court found that Cohran's letter requesting a change in the effective date of the policy was a counter offer. The district court, however, did not find that the mailing of the policy and retention of the premium was an acceptance of Cohran's counter offer. Therefore, the district court concluded that the renewal policy was not in effect at the time of the loss.

We believe the issue of Georgia law raised by Cohran in this appeal is appropriate for resolution by the highest court of Georgia. We, therefore, certify the following question:

WHETHER AN INSURANCE COMPANY ACCEPTS AN INSURED'S COUNTER OFFER THROUGH SILENCE AND THE RETENTION OF THE INSURED'S PREMIUM.

We do not intend the particular phrasing of this question to limit the Supreme Court of Georgia in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Georgia.